1  Zach Tuck
   1600 E. Vista Way #85
2  Vista, CA 92084
   Ph: 760-840-1813
3  carcrazytuck@yahoo.com

4  Plaintiff In Pro Se

```
FILED

AUG 0 1 2017

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY
```

5

6

7        **IN THE UNITED STATED DISTRICT COURT**

8        **SOUTHERN DISTRICT OF CALIFORNIA**

9

10  **ZACH TUCK,**                    )  Case No. 17CV1556 CAB BLM

11                   Plaintiff,        )  **COMPLAINT FOR DAMAGES AND**
                                       )  **INJUNCTIVE RELIEF FOR**
12  vs.                                )  **VIOLATIONS OF THE**

13  **COLLECTION AT LAW, INC.,**       )  1) TELEPHONE CONSUMER PRACTICES ACT
    a business entity, form unknown,   )     (TCPA) 47 U.S.C. §227 *et. seq.*
14  **WELLS FARGO BANK, N.A.,**        )
    a nationwide wide credit card company, )  2) FAIR DEBT COLLECTION PRACTICES ACT
15  **TRANS UNION, LLC,**              )     (FDCPA) 15 U.S.C. §1692 *et seq.*
    a national credit reporting agency [CRA] )
16  **EQUIFAX INFORMATION**            )  3) FAIR CREDIT REPORTING ACT
    a national credit reporting agency [CRA] )     (FCRA) 15 U.S.C. §1681 *et seq.*
17  **EXPERIAN,**                      )
    a national credit reporting agency [CRA] )
18  **Does 1 - 25, inclusively,**      )  4) CALIFORNIA ROSENTHAL FAIR DEBT
                                       )     COLLECTION PRACTICES ACT
19                   Defendants.       )     **Civil Code §1788** *et seq.*

20                                     )  **DEMAND FOR DECLARATORY RELIEF**
                                       )  **DEMAND FOR JURY TRIAL**
21       **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

22       **COMES NOW, ZACH TUCK**, plaintiff, proceeding In Pro Se in the

23  above-entitled case as an individual hereby sues the above-named defendant's for the

24  following allegations and claims for strict statutory violations of:

25  1) The Telephone Communications Practices Act (TCPA) 47 U.S.C.§227 *et. seq*;

26  2) The Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.*;

27  3) The Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq.;*

28  4) The California Rosenthal Fair Debt Collection Practices Act (RFDCPA) §1788 *et seq.*

# I.   PRELIMINARY STATEMENT

**1.**   Plaintiff ZACH TUCK (hereinafter "TUCK") contends that all of the above-named defendant's have all violated such laws by *repeatedly harassing the plaintiff* for the past [2] two years with an *ongoing debt collection campaign* involving numerous illegal attempts to collect an alleged but **nonexistent consumer debt never owed to ANY of the Defendant's by the Plaintiff**.

**2.**   The Defendant's have used harassment and the threat that they will place bogus account's on unsuspecting consumers credit reports, [which they did]. The time has come to unravel this national multi- agency collusion of companies and LLC's who can avoid prosecution/adjudication and liability by hiding behind the other company or creating confusion amongst the consumer debt collection arena on a national level. *Most if not all of what they do is **illegal** on a statutory level federally*.

**3.**   *Consumers across America* are getting duped out of thousands of dollars every day by the defendant's who ***do not conduct proper investigations or re-investigations on thousands of disputed consumer accounts,*** the Defendant's ***do not cease and desist their collection activities after thousands of disputes have been waged,*** but instead increase their illegal consumer collection activities. It has also been reported that many of the defendant's do not have a license to conduct business/collection activities in the State of California, and have been sued in many states for these very same *illegal* collection activities.

# II.   JURISDICTION AND VENUE

**4.**   Jurisdiction of this Court arises under 47 U.S.C.§227(b)(3) and also 15 U.S.C.§1692(k)(d). All Defendant's have conducted business in the state of California and whether legally licensed to do so or not, therefore personal jurisdiction is established.

**5.**   Venue is proper pursuant to 28 U.S.C.§1391b and California Civil Procedure §3959(a). Venue in this district is proper in that plaintiff TUCK resides in San Diego county, *all* of the defendant's transact daily business here, and the conduct complained of occurred here.

**6.**   This is an action for damages for $48,500.00 U.S. dollars.

## III.  **PARTIES**

**7.**  Plaintiff TUCK, is a natural person with a United States birth certificate.

**8.**  Upon information and belief defendant **WELLS FARGO BANK, N.A.** (hereinafter "W.F.B.") is a *creditor providing credit card accounts to consumers* all over the United States and beyond, W.F.B. is also authorized to do business in California, with a corporate headquarters located at 101 N. Phillips Avenue, Sioux Falls, South Dakota, 57104 Upon information and belief the registered *CEO is Timothy J. Sloan*. Defendant W.F.B. is an entity which *professionally collects consumer debts* which among other activities, is a "*furnisher*" of negative consumer credit information directly to all (3) three national credit reporting agencies, (hereinafter "CRA'S")

**9.**  Upon information and belief defendant **COLLECTION AT LAW, INC.,** (hereinafter "C.A.L."), is/was at all times a *professional consumer debt collection agency*, which amongst other things *purchases and collects thousands of alleged consumer debts all over the United States and beyond*.  Plaintiff upon information and belief believes Defendant C.A.L. is **NOT** authorized to do business in California. C.A.L. has it's corporate headquarters located at 3835 East Thousand Oaks Blvd. #R-349, Westlake Village, CA 91362.  Upon information and belief the registered *CEO is Jon O. Blanda*. Defendant is an entity which *professionally collects consumer debts* which among other activities, is a "*furnisher*" of negative consumer credit information **directly** to all three "CRA'S.

**10.**  Upon information and belief defendant **TRANS UNION, LLC.,** (hereinafter "T.U.") is one the *three largest national "CRA'S"* which reports and maintains up to date consumer credit files all over the United States and beyond, TU is also authorized to do business in California, with a corporate headquarters located at 555 W. Adams Street, Floors 2-9, Chicago, Illinois, 60661. Upon information and belief the registered *CEO is James M. Peck*. Defendant TU is an entity which among other activities, is a collector and "*furnisher*" of positive and negative consumer credit information.

11.   Upon information and belief defendant **EQUIFAX INFORMATION SOLUTIONS, LLC**., (hereinafter "E.I.S.") is one the *three largest national CRA'S* which reports and maintains up to date consumer credit files all over the United States and beyond, E.I.S. is also authorized to do business in California, with a corporate headquarters located at 1159 Lake Hearn Drive NE, Atlanta, GA, 30343. Upon information and belief the registered *CEO is Richard F. Smith*. Defendant E.I.S. is an entity which among other activities, is a collector and "*furnisher*" of positive and negative consumer credit information.

12.   Upon information and belief defendant **EXPERIAN.,** is one the *three largest national CRA'S* which reports and maintains up to date consumer credit files all over the United States and beyond, EXPERIAN is also authorized to do business in California, with a corporate headquarters located at 475 Anton Blvd., Costa Mesa, CA. 92626. Upon information and belief the registered *CEO is Brian Cassin*. Defendant EXPERIAN is an entity which among other activities, is a "*furnisher*" of negative consumer credit information.

13.   **DOES 1 thru 25 inclusively**, hereto, will be referred to as "credit bureau defendants" or "credit agency defendants", DOES 1-25 are/is a consumer creditor which, among other activities, reports allegedly delinquent consumer debts to credit bureaus and is a "furnisher" of negative consumer credit to credit bureau defendants. Defendant's Does 1 thru 25, are individuals and business entities, form unknown, doing business in the State of California as credit reporting agencies, debt collection agencies, creditors or other persons or entities which engage in credit reporting and/or debt collection. Does 1-25, Inclusive, includes individuals or business entities doing business in the State of California as credit reporting agencies, debt collectors and/or creditors who have refused to delete accounts of plaintiff that were procured through identity theft, mixed file or other manner of recording an inaccurate credit account, even after plaintiff has notified them of the false or inaccurate derogatory consumer credit information, and also who have reported such accounts as derogatory credit references to all [3] three CRA'S.

14.   Plaintiff TUCK does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of defendants sued herein as Does 1 through 25, inclusive, under the provisions of Section §474 of the California Code of Civil Procedure. Plaintiff TUCK is informed and believes and on that basis alleges that defendants Does 1 through 25, inclusive, are in some manner responsible for the acts, occurrences and transactions as officers, directors or managing agents of defendants or as its agents, servants, employees and/or joint ventures and as set forth in this Complaint, and that each of them are legally liable to plaintiff, as set forth below and herein:

a)   Said Officers, directors or managing agents of Defendant's C.A.L., W.F.B. T.U., E.I.S., EXPERIAN and Does 1-25 personally acted willfully with respect to the matters alleged in this Complaint;

b.   Said Officers, directors or managing agents of Defendant's C.A.L., W.F.B. T.U., E.I.S., EXPERIAN and Does 1-25 personally authorized, approved of, adopted and/or ratified the illegal acts alleged herein, or the agents, servants, employees and/or joint ventures of defendants did so act;

c.   Said Officers, directors or managing agents of Defendant's C.A.L., W.F.B. T.U., E.I.S., EXPERIAN and Does 1-25 personally participated in the acts alleged herein by the Plaintiff;

d.   Said Officers, directors or managing agents of Defendant's C.A.L., W.F.B. T.U., E.I.S., EXPERIAN and Does 1-25 personally had close supervision of their agents, servants, employees and/or joint ventures of Defendants;

e.   Said Officers, directors or managing agents of Defendant's C.A.L., W.F.B. T.U., E.I.S., EXPERIAN and Does 1-25 personally were familiar with the facts regarding the matters alleged herein;

f.   Said Officers, directors or managing agents of Defendant's C.A.L., W.F.B. T.U., E.I.S., EXPERIAN and Does 1-25 *personally failed to properly investigate and re-investigate the circumstances pertaining to the acts alleged herein.*

1  They also failed and refused to repudiate the herein alleged actions and failed to

2  *redress the harm done to plaintiff TUCK*. Further, said Officers, directors, or managing

3  agents of <u>Defendant's C.A.L., W.F.B. T.U., E.I.S., EXPERIAN and Does 1-25</u>, failed

4  and refused to punish or discharge the said agents, servants, employees and/or joint

5  venturers of the Defendants. Plaintiff will seek leave to amend this Complaint to set forth the

6  true names and capacities of the said fictitiously named <u>Defendant's C.A.L., W.F.B. T.U.,</u>

7  <u>E.I.S., EXPERIAN and Does 1-25</u> as enumerated above, together with appropriate

8  charging allegations, when learned.

9      **15.**  Plaintiff is informed and believes, and thereon alleges that at all relevant

10  times herein each <u>Defendant's C.A.L., W.F.B. T.U., E.I.S., EXPERIAN and Does 1-25</u>

11  inclusively, whether actually or fictitiously named, was the principal, joint venturer, agent,

12  servant or employee of each other defendant, and in acting as such within the course, scope

13  and authority of such relationship, took some part in acts and omissions hereinafter set

14  forth, by reason of which each defendant is liable to plaintiff for the relief prayed for in this

15  Complaint, and any future Amended Complaint. Further, plaintiff alleges that each act

16  alleged herein, whether by named Defendant's or fictitiously named Defendant's or

17  otherwise, was expressly authorized or ratified, as these terms are used in California Civil

18  Code Section §3294(b), by each and every other <u>Defendant's C.A.L., W.F.B. T.U., E.I.S.,</u>

19  <u>EXPERIAN and Does 1-25</u> herein, whether named or fictitiously named.

20      **16.**  Collectively, these <u>Defendant's C.A.L., W.F.B. T.U., E.I.S., EXPERIAN and</u>

21  <u>Does 1-25</u> hereto will be referred to as "credit bureau Defendants" or

22  "credit agency Defendants" - is a consumer creditor which, among other activities, reports

23  allegedly delinquent consumer debts to credit bureaus and is a "*furnisher of negative*

24  *consumer credit to all [3] three above-named credit bureau Defendant's*.

25  # IV.  FACTUAL ALLEGATIONS

26      **17.**  <u>Defendant's C.A.L., W.F.B. and Does 1-25</u> are *creditors* to *whomever they*

27  *have established a business relationship with and/or provided services for which they can*

28  *collect on the account*.

18.   Plaintiff TUCK alleges <u>Defendant's C.A.L., W.F.B. and Does 1-25</u> are all professional *consumer debt collectors* who are attempting to collect a *consumer debt*, subject to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*(FDCPA), due to the fact <u>Defendant's **did not ever** have **any** *established business relationship*</u> with Plaintiff TUCK.

19.   <u>Defendant's C.A.L., W.F.B. and Does 1-25</u> are attempting to collect a alleged consumer account[s] that **never belonged to Plaintiff TUCK**.

20.   Plaintiff TUCK is a *consumer,* as the *purported alleged debt* is a *consumer debt,* from an *unknown person*.

21.   Referring to the preceding paragraphs, <u>Defendant's C.A.L., W.F.B. and Does 1-25</u> are all entities which are all *attempting to collect consumer debts from Plaintiff* which Plaintiff <u>did not incur</u>; brings Defendant's well within the ambit of the California Rosenthal Fair Debt Collection Practices Act Civil Code §1788 *et seq.* ("RFDCPA") .

22.   Plaintiff TUCK has ***never had prior or present established relationship*** with Defendant's C.A.L., W.F.B. and Does 1-25.

23.   Plaintiff TUCK received the very **first** consumer collection call during July of 2015. When Plaintiff TUCK answered this **first illegally placed call**, the <u>Defendant's C.A.L., W.F.B. and Does 1-25</u> employee/staff member explained to him that ["they" Defendant's] were looking for a past/present client of "theirs" who goes by the name of ZACH TUCK,["they" the Defendant's employee] went on to explain in detail that Mr. TUCK presently owed ["them" Defendant's] for past due credit card/collection agency bill[s].

24.   Plaintiff TUCK informed the person on the phone that "*this phone number the Defendant just called was his emergency cell phone number,* and "***he did not ever remember giving this emergency cell phone number to anyone other than his father and mother,*** that he had in past month informed the Defendant companies *verbally and in writing that he disputed the same alleged debt[s] and* Plaintiff TUCK went on to tell that agent/employee/bill collector on this same very **first** illegally placed harassing consumer debt collection call [Plaintiff TUCK having had past experience with debt collection calls and how to demand no further debt collection calls instructed that ] "<u>to never call his</u>

emergency cell phone number again" and *did not owe* agent/employee/bill collector's -

i.e. Defendant's C.A.L., W.F.B. and Does 1-25 *any monies at any time EVER*!

**25.** Defendant's C.A.L., W.F.B. and Does 1-25 were **instructed verbally during this first illegally placed debt collection call** to not **"ever"** place ANY consumer collection call[s] to him again on his emergency cell phone number." "Plaintiff TUCK during this first illegally placed call revoked [his] consent to ever be called again by the Defendant's, pursuant to- Reardon, 115 F. Supp. 3d at 1102].

**26.** Plaintiff TUCK later followed this verbal telephone request up with written certified mailed demands to stop all illegal consumer collection calls to the Plaintiff and to "**cease and desist**" all further collection activities on all alleged account allegedly owed by Plaintiff TUCK to all Defendant's. All of *these requests were ignored by all above-named Defendant's and all requests fell on deaf ears*.

**27.** All [33] thirty three illegally placed calls by the defendant are separate individual strict statutory federal violations.[*I.e. if I run into your car on Monday and again on Friday, that is two separate federal statutory violations when it applies to TCPA claims*]

**28.** Defendant's C.A.L., W.F.B. and Does 1-25 , all ignored this verbal request and continued their illegal collection activities for more than [2] two years to date. Defendant's C.A.L., W.F.B. and Does 1-25 are presently still placing illegal collection calls to Plaintiff TUCK and using the placing of negative credit lines on his credit reports to illegally leverage TUCK to pay a debt *he does not owe*, nor did he ever owe anyone.

**29.** This alleged debt originated from "identity theft" and was reported and disputed numerous times as identity debt with all three CRA'S. The Defendant's requesting investigations and re-investigations times which went totally ignored and all Defendant's completely failed to cease and desist all further collection activities.

**30.** Plaintiff TUCK, **never**, *at any time*, signed any contracts, nor applied for any credit card[s] nor did he agree to obtain any credit cards [**in his name**] with **any** of the above-named Defendant's.

**31.**   Defendant's C.A.L., W.F.B. and Does 1-25 representative on the phone *assured Plaintiff TUCK that a record of the call was made*, their consumer clients name TUCK would be removed from this number, and *that no further calls would be placed to Plaintiff TUCK'S emergency cell phone number 760-840-1813* from the Defendant's.

**32.**   To date, Defendant's C.A.L., W.F.B. and Does 1-25 have illegally placed more than [33] thirty three illegal consumer debt collection calls to his private emergency cell phone number, **[33] thirty  three** *of which are active statutory violations, [calls placed within the past four (4) years time*].

**33.**   Plaintiff TUCK *has no contractual obligation to pay* Defendant's C.A.L., W.F.B. and Does 1-25 **anything.**

**34.**   Plaintiff TUCK **has never** given Defendant's C.A.L., W.F.B. and Does 1-25 *express written permission* to call Plaintiff TUCK'S emergency cellular phone.

**35.**   Defendant's C.A.L., W.F.B. and Does 1-25 **have never** *validated or verified the alleged consumer debt[s]* pursuant to United States statute 15 U.S.C. §1692g, even thought Defendant's were all requested to do so on numerous occasions via written certified letters mailed by Plaintiff TUCK.

**36.**   **All attempts at debt certification/validation by all three CRA'S** went totally ignored by Defendant's C.A.L., W.F.B. and Does 1-25. **Defendant's all completely failed to conduct proper investigation[s] or re-investigations**.

**37.**   *Even up to today's date of the filing of this Complaint*, Defendant's C.A.L., W.F.B. and Does 1-25 continue their harassing debt collection campaign, are continuing to illegally report to all [3] three CRA'S [2] two *disputed/bogus* negative consumer credit lines affiliated with Plaintiff TUCK'S name and social security number, and are continuing to illegally place harassing debt collection calls to Plaintiff TUCK'S emergency cell phone.

**38.**   **This continued illegal debt collection activity** by Defendant's C.A.L., W.F.B. and Does 1-25 is presently *grossly affecting Plaintiff TUCK'S daily credit worthiness and ability to gain fair housing for the past several months now.*

**39.**   From July 2015 to the date of the filing of this Complaint Defendant's C.A.L., W.F.B. and Does 1-25 illegally placed more than [33] thirty three harassing debt collection calls to TUCK'S emergency San Diego area T-Mobile cell phone 760-840-1813, of which, *ALL* [33] thirty three illegally placed collection calls fall well within the four (4) year TCPA statute of limitation period, [i.e. *four (4) years from when the violation was "first discovered"*]. During the Discovery phase of this trail Plaintiff may seek records going back *at least four years* - SEE Jenkins v. G.C. Services, Ltd. P'Ship, 2012 WL 1067947, 898, (W.D.N.C. Mar. 29, 2012) - [*defendant ordered to identify date and time of all calls to plaintiff's number for past [4] four years, and whether made by a person or an automatic telephone dialing system* "**ATDS**" system].

**40.**   From March, 2017 to today's date, Defendant's C.A.L., W.F.B. and Does 1-25 illegally placed more than [33] thirty three consumer debt collection calls to Plaintiff TUCK'S emergency cell phone, **ignoring** Plaintiff TUCK's numerous oral and written demands **not** to call Plaintiff's cell phone *after receiving the very first illegally placed call.*

**41.**   These same [33] thirty three consumer collection calls from Defendant's C.A.L., W.F.B. and Does 1-25 office numbers (818) 716-7630 & (800) 241-0013 that were *inadvertantly/mistakenly/illegally* placed to Plaintiff TUCK'S emergency cell phone number (760) 840-1813, were all illegally placed using a phone system with automatic telephone dialing system*"capabilities"*, or, a telephone call with *artificial and prerecorded voices,* attempting to collect a consumer debt by leaving a prerecorded message, *and/or threatening to continue collection actions for nonpayment* of an alleged consumer debt.

**42.**   Some of the calls from Defendant's C.A.L., W.F.B. and Does 1-25 would come to Plaintiff's cell phone, when answered Plaintiff would say "hello", there would follow a pause, then an automated prerecorded message would play, *stating similar:* "If you are? Zach Tuck, Press one". When pressing one, a further message would continue. The call was not made by human hands nor any conversation made with a human being. This is a *separate and distinct damage cause of action* and clear cut *violations of strict liability statutes of the TCPA.*

43.     In another attempt to informally settle the above-pled violations Plaintiff TUCK sent [4] four different written letters to the Defendant's C.A.L., W.F.B. and Does 1-25 dated between the dates of July 23, 2015 and the present date, and as of today's date all written attempts at informal resolution have all gone completely un-answered.

44.     Plaintiff TUCK assumed that Defendant's C.A.L., W.F.B. T.U., E.I.S., EXPERIAN and Does 1-25 debt collection calls and illegal reporting of negative credit lines on his credit reports would stop or be removed soon after the mailing of the first one or two letters. When after no answer to the third letter Plaintiff mailed a fourth letter titled in bold red writing "Notice's of Intent to Litigate", which also went totally un-answered by all Defendant's.

45.     Defendant's C.A.L., W.F.B. and Does 1-25 [33] thirty three illegally placed debt collection calls continued *years after* Plaintiff notified Defendant's on numerous times over many months to cease and desist all illegal collection activities and stop calling his emergency cell phone number immediately.

46.     Defendant's C.A.L., W.F.B. and Does 1-25 intentionally, willfully and knowingly violated multiple strict liability statutes of the Telephone Consumer Protection Act (TCPA) with malice and disregard for the Plaintiff.

47.     Defendant's C.A.L., W.F.B. and Does 1-25 do not care.

48.     During all the above referenced [33] thirty three illegally placed debt collection calls to Plaintiff TUCK'S emergency cellular phone, Defendant's C.A.L., W.F.B. and Does 1-25 *staff/personnel asserted a right which it lacks, to wit, the right to enforce a consumer debt*.

49.     On all the above-referenced [33] thirty three illegally placed calls to Plaintiff TUCK'S emergency cell phone, all Defendant's *failed to identify that"they"were professional debt collectors attempting to collect a consumer debt*.

50.     All [33] thirty three illegally placed calls to Plaintiff's cellular phone trespassed on Plaintiff and Plaintiff incurred multiple injuries as his peace was disturbed, Plaintiff's personal time was wasted, Plaintiff was charged for the calls, Plaintiff incurred wear and tear of his emergency cell phone and wear of his cell battery.

## V.   FIRST CAUSE OF ACTION
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### TCPA §227(b)(1)(A) AND §227(b)(1)(A)(iii)
### BY DEFENDANTS C.A.L.. W.F.B., AND DOES 1-25 INCLUSIVELY

**51.**   Plaintiff TUCK re-alleges and incorporates by reference the facts and allegations contained in paragraphs 1 through 50 above as though fully set forth herein.

**52.**   This damage is for the more than [33] thirty three illegally placed calls by Defendant's C.A.L.. W.F.B. and Does 1-25 to Plaintiff's emergency cell phone, [each call a separate distinct individual strict statutory violation of the statute], [i.e. "*If a person hit your car on Monday then again in Friday, that's two separate distinct statutory violations*].

**53.**   As a separate and distinct damage and cause of action, Defendant's C.A.L.. W.F.B. and Does 1-25 have demonstrated intentional and willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) and §227(b)(1)(A)(iii), by continually violating strict liability statute by the following:

**(TCPA) 47 U.S.C. §227(b)(1)(A) states in part;**

**(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT**

**(1)** PROHIBITIONS - It shall be unlawful for any person within the United States, or person outside the United States if the recipient is inside the United States -

**(A)** to make any call (other than a call made for emergency purposes or made with the prior express written consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice-

**(TCPA) 47 U.S.C. §227(b)(1)(A)(iii) states in part;**

**(1)** PROHIBITIONS— It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

**(A)** to make any call (other than a call made for emergency purposes or made with the prior *express written consent* of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

**(iii)** to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is called for the call;

**54.** Defendant's C.A.L., W.F.B. and Does 1-25 has caused/committed at least [33] thirty three separate and distinct TCPA strict statutory violations with their illegal debt collection activities over the past several months using telephone[s] with automatic telephone dialing system [ATDS] "*capabilities*",

**6.9.2a.6 Allegations of Harm in TCPA Cases:**

**55.** Plaintiff TUCK hereby SO STATES the following Allegations of Harm pursuant to **TCPA Allegations of Harm 6.9.2a.6** as follows:

- a) Congress enacted the TCPA to prevent real harm, Congress found that "automated" or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

- b) Defendant's C.A.L., W.F.B. and Does 1-25 [33] thirty three illegally placed debt collection calls, messages or texts harmed the Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy".

- c) Defendant's C.A.L., W.F.B. and Does 1-25 [33] thirty three illegally placed debt collection calls, messages or texts harmed the Plaintiff by trespassing upon and interfering with the Plaintiff's rights and interests in Plaintiff's cellular phone.

- d) Defendant's C.A.L., W.F.B. and Does 1-25 [33] thirty three illegally placed debt collection calls, messages or texts harmed the Plaintiff by intruding upon Plaintiff TUCK's seclusion.

- e) Defendant's C.A.L., W.F.B. and Does 1-25 [33] thirty three illegally placed debt collection calls, messages or texts harmed the Plaintiff by causing Plaintiff aggravation and annoyance.

- f) Defendant's C.A.L., W.F.B. and Does 1-25 [33] thirty three illegally placed debt collection calls, messages or texts harmed the Plaintiff by wasting the Plaintiff's valuable time.

- g) Defendant's C.A.L., W.F.B. and Does 1-25 [33] thirty three illegally placed debt collection calls, messages or texts harmed the Plaintiff by depleting the battery life on Plaintiff's emergency cellular phone.

- h) Defendant's C.A.L., W.F.B. and Does 1-25 [33] thirty three illegally placed debt collection calls, messages or texts harmed the Plaintiff by using [emergency call or text minutes] allocated to Plaintiff by Plaintiff's cellular telephone service provider.

- i) Defendant's C.A.L., W.F.B. and Does 1-25 [33] thirty three illegally placed debt collection calls, messages or texts harmed the Plaintiff by using date storage space in Plaintiff TUCK'S emergency cell phone.

56.   Plaintiff TUCK has article III standing.

57.   Plaintiff TUCK spoke with Defendant's C.A.L., W.F.B. and Does 1-25 about the [33] thirty three illegally placed debt collection calls, and Defendant's C.A.L., W.F.B. and Does 1-25 assured Plaintiff that ALL the calls and debt collection attempts would stop. Nothing was farther from the truth.

58.   Defendant's C.A.L., W.F.B. and Does 1-25 not only refused to cease and desist all communication and illegal phone calls, but instead continued to report the alleged debt[s] to all three national CRA'S, and during this same entire time period continually violating 47 U.S.C. §227 over a more than a [9] nine month period of time.

59.   Defendant's C.A.L., W.F.B. and Does 1-25 has damaged Plaintiff by violations of 47 U.S.C. §227 as follows:

§227(b)(1)(A) using a phone with automatic dialing system ***capabilities*** to call TUCK.
§227(b)(1)(A) placing a call to TUCK *without an emergency purpose*.
§227(b)(1)(A) placing a call to TUCK *without express (written) consent by TUCK*.
§227(b)(1)(A) placing a call to TUCK *with an artificial or pre-recorded voice*.
§227(b)(3)(B) placing a call to TUCK *without an established business relationship*.
§227(b)(1)(A)(iii) placing a call to TUCK for which TUCK is *charged for the call*.
§227(b)(1)(A)(iii) placing a call *without prior express written permission to call TUCK*.

60.   An ***un-intentional*** call carries a damage amount of $500 for the first ***un-intentionally*** placed call by Defendant's C.A.L., W.F.B. and Does 1-25. This same first illegally placed *un-intentional call* was made by Defendant's C.A.L., W.F.B. and Does 1-25 starting in July of 2015.

61.   Each and every distinct additional ***intentionally*** placed debt collection *call* illegally placed by Defendant's C.A.L., W.F.B. and Does 1-25 carries a damage amount of $1,500 for each and every additional call illegally placed to the Plaintiff after the first illegally placed call, each additional call is pursuant to 47 U.S.C.§227(b)(3).

62.   Defendant's C.A.L., W.F.B. and Does 1-25 have demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) and §227(b)(1)(A)(iii) by calling the Plaintiff's emergency cell number more than [23] twenty three times **after** their first **intentionally** placed call during March of 2017, moreover even **after** being told by Plaintiff TUCK on the very first **intentionally** placed call to **NEVER** call his emergency cell phone number again.

63. Each individual distinct call placed by Defendant's C.A.L., W.F.B. and Does 1-25 staff after the first unintentional illegal call is subject to **treble** damages or $1,500 for each and every additional call pursuant to 47 U.S.C.§227(b)(3) as each additional call was ***intentional and willful***.

64. Plaintiff TUCK and Defendant's C.A.L., W.F.B. and Does 1-25 (1) **NEVER** had an *established business relationship* within the meaning of 47 U.S.C. §227 (2) Plaintiff ***did not*** give Defendant's his personal emergency cell phone number, (3) Defendant's **did not** have *express written permission* to call Plaintiff's emergency cell phone, (4) Plaintiff notified Defendant's C.O.B., P.R.A., A.R.S., F.S.A and Does 1-25 *verbally and in writing to stop calling* Plaintiff's emergency cell phones, (5) Plaintiff was charged for each call. Plaintiff is entitled to damages of $1,500 per statutory violation pursuant to 47 U.S.C. §227(b)(3)(C).

**WHEREFORE,** Plaintiff TUCK demands judgement for damages against Defendant's C.A.L., W.F.B. and Does 1-25 for statutory damages of $33,500.00 U.S. dollars plus attorneys fees and costs, pursuant to TCPA 47 U.S.C. §227.

## VI. SECOND CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA) 15 U.S.C. §1692 et seq. AGAINST BY DEFENDANTS C.A.L., W.F.B., AND DOES 1-25 INCLUSIVELY

65. Plaintiff TUCK re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 64 herein.

66. Plaintiff TUCK is a *"consumer"* within the meaning of (FDCPA) 15 U.S.C.*§1692a(3)*.

67. Defendant's C.A.L., W.F.B. and Does 1-25 are ALL "*debt collector's*"within the meaning of (FDCPA) 15 U.S.C. *§1692a(6)*.

68. Defendant's C.A.L., W.F.B. and Does 1-25 violations include but are not limited to the following:

a) Defendant's C.A.L., W.F.B. and Does 1-25 violated (FDCPA) 15 U.S.C.*§1692c(a)*(1) by contacting plaintiff TUCK at a *time and place known to be inconvenient*.

**b**    Defendant's C.A.L., W.F.B. and Does 1-25 violated (FDCPA) U.S.C. *§1692d by engaging in conduct that the natural consequence of is to harass, abuse, and oppress* plaintiff TUCK.

**c)**    Defendant's C.A.L., W.F.B. and Does 1-25 violated (FDCPA) U.S.C. *§1692d(2) by using abusive language in an attempt to collect an alleged debt* from the Plaintiff.

**d)**    Defendant's C.A.L., W.F.B. and Does 1-25 violated (FDCPA) U.S.C. *§1692d(5)* when Defendant's *caused* plaintiff TUCK'S emergency *telephone to ring repeatedly and continuously more than [33] thirty three times over a [2] two year period of time with the intent to annoy, abuse, and harass the Plaintiff*.

**e)**    Defendant's C.A.L., W.F.B. and Does 1-25 violated (FDCPA) U.S.C. *§1692e by making false, deceptive and misleading representations in connection with the alleged consumer debt collection[s]*.

**f)**    Defendant's C.A.L., W.F.B. and Does 1-25 violated (FDCPA) 15 U.S.C. *§1692e(2) by falsely representing the character, amount, or legal status of any debt*.

**g)**    Defendant's C.A.L., W.F.B. and Does 1-25 violated (FDCPA) 15 U.S.C. *§1692e(4) by misrepresenting that non-payment of any debt will result in the arrest or imprisonment of any person*.

**h)**    Defendant's C.A.L., W.F.B. and Does 1-25 violated (FDCPA) 15 U.S.C. *§1692e(5) for threatening to take any action against the plaintiff that cannot legally be taken or that is not intended to be taken*.

**i)**    Defendant's C.A.L., W.F.B. and Does 1-25 violated (FDCPA) 15 U.S.C. §1692e(8) *by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt was disputed and re-disputed*.

**j)**    Defendant's C.A.L., W.F.B. and Does 1-25 violated (FDCPA) 15 U.S.C. §1692e(10) *by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer*.

**k)**   Defendant's C.A.L., W.F.B. and Does 1-25 violated (FDCPA)

15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) *unless such amount is expressly authorized by the agreement creating the debt or permitted by law*.

**l)**   Defendant's C.A.L., W.F.B. and Does 1-25 violated (FDCPA)

15 U.S.C. §1692g by, 1) within five (5) days after the initial communication with plaintiff in connection with the collection of any debt, *failing to send plaintiff a written notice containing a statement that unless the consumer, within thirty (30) days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector*;

**2)**   *a statement that if the consumer notifies the debt collector in writing the thirty (30) day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgement against the consumer and a copy of such verification or judgement will be mailed to the consumer by the debt collector; and a statement that, upon the consumers's written request within the thirty (30) day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.*

**WHEREFORE,**   Plaintiff, ZACH TUCK, respectfully requests judgement be entered against Defendant's C.A.L., W.F.B. and Does 1-25 for the following:

**69.**   Declaratory judgement that the Defendant's C.A.L., W.F.B. and Does 1-25 conduct violated the Fair Debt Collection Practices Act;

**70.**   Statutory damages of $1,000.00 for each violation pursuant to the Fair Debt Collection Practices Act 15 U.S.C. *§1692k* .

**71.**   Costs and reasonable attorneys fees pursuant to the Fair Debt Collection Practices Act *15 U.S.C. §1692k*.

**72.**   Any other relief that this Honorable Court deems appropriate.

# VII.  THIRD CAUSE OF ACTION
## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 et seq. WILLFUL OR NON-COMPLIANCE BY DEFENDANTS C.A.L., W.F.B., T.U., E.I.S., EXPERIAN AND DOES 1-25 INCLUSIVELY

**73.**   Plaintiff TUCK re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 72 herein.

**74.** Defendant's C.A.L., W.F.B. and Does 1-25 are professional debt collectors with corporate offices located inside the continental United States.

**75.**   Defendant's E.I.S., T.U., EXPERIAN are all national consumer credit reporting agencies or CRA'S.

**76.**   On or around December of 2016, Plaintiff TUCK, who is not a minor, checked his consumer credit reports from all three national credit reporting agencies, Experian, Equifax, and Trans Union (collectively "CRAs"), and discovered *at least [2] two* separate and individual consumer credit accounts collectively placed in negative status being reported by Defendant's C.A.L., W.F.B.,T.U., E.I.S., EXPERIAN and Does 1-25. These same negative credit accounts were unfamiliar to Plaintiff TUCK, as he did not recall ever opening them and *he was **never** informed by any of these furnishers of their negative credit reporting*. Three [3] separate examples of these negative accounts were placed on the Plaintiff's consumer credit reports **[PLEASE SEE EXHIBIT "A" attached herein]** .

**77.**   On several occasions between February and May of 2017 Plaintiff TUCK contacted the Defendant's C.A.L., W.F.B.,T.U., E.I.S., EXPERIAN and Does 1-25. disputing in writing the unknown negative credit accounts being reported by the defendants's pursuant to 15 U.S.C. §1681s-2(b) (FCRA).

**78.**   Between February and June of 2017, following his credit bureau disputes and re-disputes, Plaintiff TUCK sent letters to these same Defendant's in which he ***demanded*** documentation substantiating the existence, ownership and ***accuracy*** of the negative consumer credit accounts reported by each of them, ***otherwise their immediate deletion from his credit file***.

**79.**   Upon receipt of Plaintiff's disputes these same Defendant's C.A.L., W.F.B.,T.U., E.I.S., EXPERIAN and Does 1-25 each continued to report the [2] two disputed accounts to all three CRAs, without notice that the accounts had been disputed by

88.   At **_no time_** did Plaintiff TUCK give his consent for Defendant's C.A.L., W.F.B.,T.U., E.I.S., EXPERIAN and Does 1-25 to acquire his consumer credit report from **_any_** consumer reporting agency ("CRA").

89.   Defendant's C.A.L., W.F.B.,T.U., E.I.S., EXPERIAN and Does 1-25 have demonstrated willful and/or knowing non-compliance with the (FCRA), 15 U.S.C.§1681b and repeatedly violating plaintiff TUCK's right to privacy.

90.   Defendant's C.A.L., W.F.B.,T.U., E.I.S., EXPERIAN and Does 1-25 had a **_duty_** to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's consumer credit  report or reporting on his credit file.

91.   Defendant's C.A.L., W.F.B.,T.U., E.I.S., EXPERIAN and Does 1-25 **_breached said duty by failing to do so._**

**WHEREFORE,**   Plaintiff, ZACH TUCK, respectfully requests judgement be entered against Defendant's C.A.L., W.F.B.,T.U., E.I.S., EXPERIAN and Does 1-25 for the following:

- Declaratory judgement that the Defendant's C.A.L., W.F.B.,T.U., E.I.S., EXPERIAN and Does 1-25 illegal conduct violated the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681s-2 *et seq.*

- Statutory damages of $1,000.00 for each violation pursuant to the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681s-2 *et seq.* Costs and reasonable attorneys fees pursuant to the Fair Credit Reporting Act  (FCRA) 15 U.S.C. §1681s-2 *et seq.* Any other relief that this Honorable Court deems appropriate.

### VIII.   FOURTH CAUSE OF ACTION
### VIOLATION OF CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CIVIL CODE §1788 et seq.
### BY DEFENDANTS C.A.L., W.F.B., T.U., E.I.S., EXPERIAN AND DOES 1-25 INCLUSIVELY

92.   Plaintiff TUCK re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in the above paragraphs 1 thru 91 herein.

93.   Plaintiff is a *consumer* within the meaning of 15 U.S.C. §1692 *et seq.*

94.   Defendant's C.A.L., W.F.B.,T.U., E.I.S., EXPERIAN and Does 1-25 are *seeking to collect a consumer debt* from Plaintiff TUCK as defined by California C.C. §1788.10(f).

**95.**   The credit account[s] in question are alleged consumer credit transactions as defined by California Civil Code §1788.2(e) as Plaintiff TUCK has allegedly received property or money from Defendant's C.A.L., W.F.B.,T.U., E.I.S., EXPERIAN and Does 1-25 or TUCK has received an extension of credit, services or money which was used primarily for personal, family, or household purposes.

**96.**   Defendant's C.A.L., W.F.B.,T.U., E.I.S., EXPERIAN and Does 1-25 have damaged Plaintiff TUCK by violations of California Civil Code §1788 as follows:

**a.** §1788.10(c) debt collector Defendant's C.A.L., W.F.B.,T.U., E.I.S., EXPERIAN and Does 1-25 negative credit reporting *knows will defame the alleged debtor TUCK*.

**b.** §1788.10(f) threat by Defendant's C.A.L., W.F.B.,T.U., E.I.S., EXPERIAN and Does 1-25 to take action which is prohibited by this title.

**c.** §1788.11(e) constitutes harassment.

**d.** §1788.12(c) communication .. Deadbeat list (Debt Report)

**e.** §1788.13(j) false representation . . threatening service termination . . unless payment is made.

**f.** §1788.17 shall comply with provisions of §1692b to §1692j; subject to §1692k.

**WHEREFORE,** Plaintiff TUCK demands judgement for damages against Defendant's C.A.L., W.F.B.,T.U., E.I.S., EXPERIAN and Does 1-25 for statutory damages of $1,000.00 U.S. dollars, attorneys fees pursuant to §1788.30(b) and costs, pursuant to §1788.30[c].

## IX   DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues, so triable as a matter of law.

Respectfully submitted,

Dated this 31st day of July 2017

*Zach Tuck*

**ZACH TUCK, PLAINTIFF IN PRO SE**

## VERIFICATION OF ZACH TUCK

1.     I, ZACH TUCK, declare as follows:

2.     I am of age, sound mind and competent to testify to facts based on firsthand knowledge of all of the above items as so stated herein.

3.     I have been damaged financially, credit wise, socially and emotionally as a result of Defendant's C.A.L., W.F.B., T.U., E.I.S., EXPERIAN and Does 1-25 unlawful actions and numerous violations as so stated in the attached Complaint . . .

4.     I have read all of the foregoing pleadings and know the facts therein so stated To be true and correct to the best of my knowledge.

5.     I declare, under the penalty of perjury to the laws of the state of California, that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated this __31st__ day of July 2017

_Zach Tuck_
_____

**ZACH TUCK, PLAINTIFF IN PRO SE**

///
///
///
///
///
///
///
///