UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACH TUCK,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>COLLECTION AT LAW, INC., et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 3:17-cv-1556-CAB-(BLM)<br><br>**ORDER DENYING RENEWED APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>[Doc. No. 5] |

This matter is before the Court on Plaintiff's renewed application to proceed *in forma pauperis* (the "Renewed IFP Application"). [Doc. No. 5.] For the following reasons, the application is denied.

Generally, all parties instituting a civil action in this court must pay a filing fee. *See* 28 U.S.C. § 1914(a); CivLR 4.5(a). However, pursuant to 28 U.S.C. § 1915(a), the court may authorize the commencement, prosecution or defense of any suit without payment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing that he or she is unable to pay filing fees or costs. "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted). The granting or denial of leave to proceed IFP in civil cases is within the sound discretion of the district court. *Venerable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

On August 1, 2017, Plaintiff, a non-prisoner, filed the complaint in this case for violations of the Telephone Consumer Practices Act, Fair Debt Collection Practices Act, Fair Credit Reporting Act, and California Rosenthal Fair Debt Collection Practices Act. [Doc. No. 1.] Plaintiff also filed an application to proceed IFP (the "Original IFP Application"). [Doc. No. 2.] The Original IFP Application stated that Plaintiff had no income, no assets, and $450 in monthly expenses, including $250 in rent, and also stated that Plaintiff lives with his mother who loans him money every month to "get by" and "survive." [*Id.* at 5.] In an order denying the Original IFP Application, the Court noted that it was unclear why and how Plaintiff paid his mother rent if he relied on her money to survive. Thus, the Court denied Plaintiff's request to proceed IFP for lack of "particularity, definiteness and certainty" in the information provided and because the Court was not persuaded that Plaintiff lacks the funds to pay the filing fee and "still afford the necessities of life." *Escobedo*, 787 F.3d at 1234.

Now, in his Renewed IFP Application, Plaintiff provides a declaration with a lengthy account of his current family situation. Although Plaintiff appears to believe that his declaration clarifies why he cannot afford to pay the filing fee, the Court finds that the declaration at best muddies the waters about Plaintiff's financial status, and at worst demonstrates that Plaintiff perjured himself on his original application and in fact has the means to pay the filing fee. The new information in the Renewed IFP Application that conflicts with the Original IFP Application includes:

- Plaintiff owns two classic cars [Doc. No. 5 at 4], neither of which was listed in the Original IFP Application. Although Plaintiff explains that these cars are not running and that it would not "be cost effective" to sell them in the condition they are currently in, he also states that he has sold one of his classic cars in the past and has experience restoring such cars. [*Id.* at 5]
- Plaintiff does not pay rent to his mother or, presumably, to anyone else. [*Id.* at 5]
- Plaintiff declares that he trades "care giving for [his] mom for cash and credit card purchases, gas, food and other things [he] need[s] throughout the month." [*Id.*] The

- Original IFP Application made no mention of this income that Plaintiff receives from his mother. Meanwhile, according to her declaration accompanying the Renewed IFP Application, Plaintiff's mother, Janice Tuck, "loans" him between $600 and $900 per month, provides him housing, and loans him her vehicle. [*Id.* at 7.]
- Plaintiff also does odd jobs for neighbors and is paid in cash. [*Id.* at 7.]

In addition to the foregoing, Plaintiff's declaration includes vague references to "one or more" consumer credit cases filed in this Court. This is an understatement to say the least. As Judge Bashant recently noted, Plaintiff's family "appear to have developed a cottage industry suing their creditors for violations of the TCPA, the FDCPA and the FCRA. In each case, the parties request to proceed IFP, listing liabilities that far exceed assets. Curiously, however, despite the fact that they have received settlements from approximately a dozen different defendants, their assets and cash in their bank accounts remained unchanged." *Tuck v. Pacer Service Ctr. U.S. Courts*, Case No. 17cv1720-BAS-KSC, 2017 WL 4050356, at *1 (S.D. Cal. Sept. 12, 2017). Judge Bashant then listed eleven cases in this district where Roy Tuck, Deborah Tuck, and their son Richard Caruso settled with defendants during the past two years. The address Plaintiff listed in his complaint here is the same address used by the plaintiffs in each of the eleven cases, and at least ten additional cases have been filed in this district over the past two years by the same plaintiffs at this address.[1]

---

[1] These cases include: *Caruso v. Nat'l Recovery Agency*, No. 16cv534-WQH-JMA (Complaint filed on March 2, 2016, and notice of voluntary dismissal with prejudice filed on August 22, 2016.); *Caruso v. California Business Bureau*, No. 16cv587-WQH-JMA (Complaint filed on March 8, 2016, and case closed on September 22, 2016 after joint motions to dismiss filed as to each defendant.); *Caruso v. California Recovery Bureau*, No. 16cv902-BTM-DHB (Complaint filed on April 14, 2016, and case settled at early neutral evaluation conference.); *Caruso v. Nat'l Recovery Agency*, No. 16cv1679-BAS-WVG (Complaint filed on June 29, 2016, and motion for judgment on pleadings granted on April 28, 2017.); *Tuck v. HCC Surety Group et al.*, No. 16cv230-CAB-DHB (S.D. Cal.) (Complaint filed on January 29, 2016, and unopposed motion to dismiss granted on October 19, 2016); *Tuck v. HCC Surety Group et al.*, No. 16cv231-CAB-DHB (S.D. Cal.) (Complaint filed on January 29, 2016, and unopposed motion to dismiss granted on October 19, 2016); *Tuck v. Merchants Credit Association*, No. 17cv626-BAS-MDD (S.D. Cal.) (Complaint filed on March 28, 2016, and case settled on August 22, 2017.); *Tuck v. Credit One Bank*, No. 17cv1346-WQH-BLM (S.D. Cal.) (Complaint filed on July 3, 2017, and case sua sponte dismissed for

For his part, including the instant case, Plaintiff has filed at least five additional lawsuits against creditors in the past seven months.[2] Notably, in each of these cases, Plaintiff applied to proceed IFP while stating various amounts of monthly expenses in his IFP applications, ranging from $450 in this case, to $550 in Case No. 17cv1595 and Case No. 17cv1577, to $600 in Case No. 17cv884 and Case No. 17cv1555. Three of Plaintiff's other IFP applications remain pending; one has been denied.

In light of the foregoing, the Court remains unpersuaded that Plaintiff lacks the funds to pay the filing fee and "still afford the necessities of life." *Escobedo*, 787 F.3d at 1234. Considering the discrepancies between Plaintiff's two IFP applications in this case and the quantity of cases filed (and settled) in this Court by Plaintiff along with others using the address used by Plaintiff in his complaint, the Court does not find Plaintiff to be credible in his claims of poverty and assertions that he is unable to afford the filing fee. Moreover, Plaintiff's admissions as to income received from his mother, combined with what appear to be minimal living expenses, indicates that Plaintiff is in fact able to afford the filing fee.

Regardless, even if Plaintiff's IFP application, viewed in isolation, might otherwise justify allowing him to proceed IFP, IFP "status is a privilege which may be denied when abused." *Toodle v. Jones*, No. 02:09-CV-0944, 2009 WL 2230704, at *1 (W.D. Pa. July 23, 2009); *cf. In re Sindram,* 498 U.S. 177, 179–80 (1991) ("In order to prevent frivolous petitions for extraordinary relief from unsettling the fair administration of justice, the Court

---

failure to sign the complaint.); *Tuck v. Credit One Bank*, No. 17cv1363-JLS-WVG (S.D. Cal.) (Complaint filed on July 3, 2017, and case has settled with settlement disposition conference set for November 29, 2017.); *Tuck v. States Recovery Sys., Inc.*, No. 17cv1813-GPC-NLS (S.D. Cal.) (Complaint filed on September 7, 2017, and IFP denied on October 5, 2017.)

[2] The other four cases are: *Tuck v. Nat'l Credit Adjusters et al.*, No. 17cv884-DMS-BGS (S.D. Cal.) (Complaint filed on May 1, 2017, and application to proceed IFP remains pending.); *Tuck v. Capitol One Bank et al.*, No. 17cv1555-BEN-AGS (S.D. Cal.) (Complaint filed on August 1, 2017, and application to proceed IFP remains pending); *Tuck v. Paypal Credit*, No. 17cv1577-AJB-JMA (S.D. Cal.) (Complaint filed on August 4, 2017, and application to proceed IFP remains pending); *Tuck v. Wells Fargo Bank et al.*, No. 17cv1595-JAH-JLB (S.D. Cal.) (Complaint filed on August 8, 2017, and application to proceed IFP was denied on October 20, 2017).

has a duty to deny in forma pauperis status to those individuals who have abused the system."); *Demos v. U.S. Dist. Court For E. Dist. of Washington,* 925 F.2d 1160, 1160 (9th Cir. 1991) (denying IFP applications because the petitioner had "abused the privilege of filing petitions in forma pauperis in this court"); *Johnson v. Irby*, No. 1:09-CV-00003-MP-AK, 2009 WL 1973510, at *3 (N.D. Fla. July 8, 2009) ("A court may deny IFP status prospectively when 'the number, content, frequency, and disposition' of a litigant's filings show an abusive pattern.") (quoting *Hurt v. Social Security Administration*, 544 F.3d 308, 310 (D.C. Cir. 2008)). The more than two dozen consumer credit cases filed by Plaintiff and others at the same address in the past two years along with requests to proceed IFP is an abuse of the IFP process. Accordingly, for all of these reasons, Plaintiff's Renewed IFP Application is **DENIED**.

It is therefore **ORDERED** that to proceed with this lawsuit, Plaintiff must pay the filing fee no later than **November 17, 2017**. If the filing fee is not paid by that date, this case will be closed without further order from the Court.

It is further **ORDERED** that if Plaintiff applies to proceed IFP in another case in this district, he must attach a copy of this order to his IFP application. Failure to include this order with any IFP application filed after the date of this order will be considered contempt of this order and subject Plaintiff to sanctions. Plaintiff is further reminded that an IFP application is made under ***penalty of perjury***, and any false statements may result in dismissal of claims, imprisonment, or a fine. *See* 18 U.S.C. §§ 1621, 3571.

It is **SO ORDERED.**

Dated: October 26, 2017

_____
Hon. Cathy Ann Bencivengo
United States District Judge